## GILL vs. PHILLIPS & AL.

The certificate of a jailor, of the death of a prisoner, is not legal evidence.

If the testimony leave it doubtful whether notice to file cross interrogatories was given, the deposition ought to be rejected.

APPEAL from the probate court of the parish of Rapides.

PORTER J. delivered the opinion of the court The petition states, that the plaintiff recovered a judgment in *solido*, against John & Abraham Phillips, and that in that suit, certain property was attached; that in consequence of the mother of the defendants having interpleaded in that action, and claimed the objects seized, as

making a part of the succession of Isaac Phillips, deceased; her husband, the judge of the district court, had ordered a partition of the property should be made before the court of probates. It further states, that there is much more property in the same situation in said parish, which the petitioner has a right to have partitioned; and that the widow had sold and made use of more of the succession of her husband, than that which had fallen to her share. It concludes, with a prayer that the partition should be made; that the property not attached, should be sequestered to prevent its being removed from the state, and that the widow should be held to account for the property that was wasted.

The court of probates, on motion being made to it, to carry this decree of the district court into effect, was of opinion, that it could not proceed otherwise than in the ordinary way of partition.

With this decision, the parties appear to have acquiesced; and the next thing which appears on record is, an answer of James L. Phillips and Richard L. Phillips, stating that they are heirs of Isaac Phillips, deceased, and bretheren of John & Abraham Phillips; that

Western Dis.
Sept. 1827.

GILL
vs.
PHILIPS.

When fraud is not in issue, evidence cannot be given of the consent to a sale of slaves. An account referred to in a deed of partition, is evidence against the heirs. The court of probates has power to decide on sales of the immoveable property of a succession.

the plaintiff has no right to sue for, or provoke a partition of any property, belonging to the succession of Isaac Philips, deceased; that a partition has already taken place between the heirs of the succession, and those who represent them, by which all the property mentioned in the petition, was assigned to the respondents for their share in the succession as heirs, and also, to satisfy debts which said succession owed them—and finally, that John & Abraham Phillips, in whose right the plaintiff claims a partition, have long since received their portion of their father's estate.

On these pleadings, after a great deal of evidence, oral and written, was heard, the court of probates decreed, that a partition of the estate of Isaac Phillips, assigning the widow one half thereof, and the other half to his children, James L. Phillips, Richard L. Phillips, John Phillips and Abraham Phillips, in equal parts; and that in order to effect this partition, that a sale should take place. The court further decreed, that this partition should be confined to the property in possession of the widow and heirs, and that it should not extend to the property which has been disposd of by them.

On the trial of the cause, the defendants and

appellants, offered in evidence the certificate of the deputy sheriff of New Orleans, who has charge of the state prison, to shew the period when a person confined in the penitentiary had died. This evidence was objected to as not being the best which the nature of the case was susceptible of. Of this opinion was the court, and rejected it.

We think it did not err. Admitting it was the duty of this officer to keep a record of the deaths of the persons committed to his custody, and that a copy from this record could be evidence, the certificate offered did not purport to be such. It is merely a statement by the jailer, that a prisoner in his custody had died. This was not the best evidence of which the case was susceptible. The oath of the person certifying, would have been higher and better proof, and consequently, the inferior evidence could not be received.

The second bill of exceptions taken by the defendants, was to an opinion of the judge rejecting certain depositions, on the ground, that notice had not been regularly given to the plaintiff, so as to enable him to file cross-interrogatories.

The proof in relation to the opportunity of-

Western Dis.
*Sept.* 1827.

GILL
*vs.*
PHILIPS.

fered to put the cross-interrogatories, leaves it doubtful whether it was given or not, and as the burthen of proving it devolved on the party wishing to use the interrogatories, the depositions wer e properly rejected.

The third was taken to the testimony of a witness, to shew that one of the heirs used certain declarations, when two of the others made a conveyance of certain slaves. We think the judge erred in admitting this evidence. If the heir had made the conveyance by parol, it could not be given in evidence against him; therefore, his assent to another mans conveying it, cannot be proved by oral testimony. If fraud had been expressly charged against him , and the parties had joined issue on it, then perhaps, this proof would have been admissible; but nothing of the kind appears on the pleadings.

We are also of opinion the judge erred, in rejecting an account referred to in the fourth bill of exceptions. The account was referred to in an instrument, setting forth a partition of the property, passed in the state of Alabama, and which instrument was signed by all the heirs but one, who was represented by his mother. Whether this partition was fraudu-

lent, and made with the intention of defeating the claims of the creditors of some of the heirs, is a question totally distinct, from the legal right of introducing the document in evidence. It was objected to, because, one of the parties to a suit cannot make evidence for himself. This is most true, but though he cannot make evidence for himself, he can use in evidence, what those opposed to him in interest, have acknowledged against themselves, though these acknowledgments should be made in an act to which he was a party. In this suit, the plaintiff claims, in right of two of the heirs, and every thing which they did *bona fide* in relation to the estate, is evidence against them.

This cause must, therefore, be remanded, but in directing that course to be taken, we think proper to remark, that we perceive an error in the final judgment, and as the acting on the same principle, in the decree which the probate court may again render, would create expense and delay, and finally cause a reversal here, it is better to settle the question now We do this the more readily, as the point was fully argued, on the hypothesis, that we should be obliged to go into the merits.

By the terms of the judgment, the inventory,

Gɪʟʟ
*vs.*
Pʜɪʟɪᴘs

and appraisement, are limited to the property in possession of the widow and heirs, and that portion which had been disposed of by them, is expressly excluded; the court being of opinion it had no power to decide on the validity of these sales, and the notary is directed to make a partition between the parties of this property.

That the court of probates has no power to decide directly, on the validity of sales of real estate, or to try titles thereto, is a position to which this court readily accedes. But that court possesses all powers necessary to carry its jurisdiction into effect, and when in the exercise of that jurisdiction, questions arise collaterally, it must, of necessity, decide them, for if it could not, no other court could. It is immaterial, whether these questions arise out of the sale of land, slaves, or in any other manner, if the examination of them is necessary to the decision of the issue joined. Any other construction would present a singular species of judicial power. The right to decree a partition, without the authority to inquire into the grounds on which it should be ordered, or the portions that each of the parties should take. The *end* would thus be conceded without the

*means.*   But the rule in all cases of this kind
is, *cum quod conceditur, conceditur et hoc,*
*per quod pervenitur ad illud.*   This point
was decided at the last term of the court, for
this division of the western district, in the case
of *Baillio* vs. *Wilson.*

The court of probates, therefore, did not want
the power to decide on sales of the slaves, and
immoveables of the succession, and if any such
were made by the heirs, it was its duty to have
passed on them, and then to have sent the par-
ties before the notary to make up the account,
and allot the share to each.   There cannot be
a question, that if some of the heirs of the suc-
cession, sell property belonging to it contrary
to law, they are responsible to the co-heirs, for
so much as they have thus illegally disposed
of; and it would be doing a great injustice, to
permit them to take a share of the effects that
remained, when that part which they had alien-
ated, amounted to, perhaps, more than their
portion.   An article in our Code, declares,
that the notary in making the partition shall
include in the account, those sums which each
of the co-heirs may owe, by reason of damages
or injury, which may have been caused by his
fault to the effects of the succession; a *fortiori*

Wester Dis.
October,1827.

GILL
vs.
PHILIPS.

must be included what he owes, when he has made away with them altogether.

It is, therefore, ordered, adjudged and decreed, that the judgment of the court of probates, be annulled, avoided and reversed, and that this cause be remanded for a new trial, with directions to the judge not to admit declarations of one of the heirs, at the time a sale was made by others, and not to reject the account referred to in the fourth and last bill of exceptions, taken by the defendants, on the ground, that the parties could not make evidence against themselves, and it is further ordered, that the appellee pay the costs of this appeal.

*Thomas*, for the plaintiff, *Scott*, *Johnston & Boyce* for the defendant.